UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION



FILED
OCT 20 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SAM ANTOINE, a minor by and through Lavina Milk, his legal Guardian, et al., | CIV 06-3007 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION GRANTING CLASS CERTIFICATION |
| WINNER SCHOOL DISTRICT 59-2, et al., | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs instituted this action contending that defendants punish Native American students more harshly and more frequently than similarly situated Caucasian students and that the defendant District maintains a racially hostile educational environment and engages in racially discriminatory policies, customs, and practices. Plaintiffs seek a declaratory judgment that defendants' policies and practices violate 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the United States Constitution, and Title VI of the Civil Rights Act. Plaintiffs further seek an injunction prohibiting any further violations.

Plaintiffs have filed a motion for class certification pursuant to Fed. R. Civ. P. 23(b)(2). Defendants do not resist class certification.

Federal Rule Civil Procedure 23(a) permits class certification where:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1539 (8th Cir. 1996). The four prerequisites for class certification can be referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Paxton v. Union National Bank, 688 F.2d 552, 559 (8th Cir. 1982). "An action may be maintained as a class action only if all four prerequisites

of Rule 23(a) are satisfied and, in addition, one of the three subsections of Rule 23(b) is met." Pickett v. IBP, 197 F.R.D. 510, 513 (M.D. AL 2000). "The burden is on the party who seeks to certify a class to show that the prerequisites of Rule 23 are established." *Id.*

### 1. Numerosity.

Plaintiffs request the certification of a class to consist of:

> All Native American students currently enrolled or who will in the future enroll in Winner Middle School or Winner High School.

Because the class includes future Native American students, I find that joinder of all members would be impracticable.

### 2. Commonality.

Rule 23(a) requires "questions of law or fact common to the class." It however "does not require that every question of law or fact be common to every member of the class." Paxton, 688 F.2d at 561. Commonality may be satisfied "where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." Paxton, 699 F.2d at 561 (*quoting* American Finance Sys., Inc. v. Harlow, 65 F.R.D. 94, 107 (D.Md. 1974)). *Accord*, Christina A. ex rel. Jennifer A. v. Bloomberg, 197 F.R.D. 664, 667 (D.S.D. 2000).

No party has identified any factual issues unique to each proposed class member which would predominate in this litigation. Plaintiffs do not seek damages. The issue to be proved in this litigation is whether the defendants have an illegal policy and practice of discriminating against Native American students. Although each individual member of the class may have had different experiences with regard to discipline at the District's schools, the legal question "linking the class members" - whether an illegal policy and practice of discrimination exists - "is substantially related to the resolution of the litigation." DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995). All members of the class seek a declaration that an illegal policy and practice exists and an injunction prohibiting such practice. This is sufficient to establish the requisite commonality. *Id.*

### 3. Typicality.

The Eighth Circuit holds that the typicality requirement of Rule 23(a)(3) "requires a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff.'" Tate v. Weyerhaeuser Co., 723 F.2d 958, 608 (8th Cir. 1983) (*quoting* Donaldson v. Pillsbury Co., 554 F.2d 825, 830 (8th Cir.1977)); Alpern v. UtiliCorp United, Inc., 84 F.3d 1525, 1540 (8th Cir.1996). "The burden of demonstrating typicality is fairly easily met so long as other class members have claims similar to the named plaintiff." DeBoer v. Mellon Mortg. Co., 64 F.3d at 1174.

Typicality exists if the proposed class members have the same or similar grievances in that they have been or will be subjected to the same allegedly unlawful treatment as the named plaintiffs. Paxton, 688 F.2d at 562. Plaintiffs' claims are that defendants have a policy or practice of discriminating against Native American students  That is the same allegedly unlawful treatment likely to be suffered by the proposed class members. This prong of the rule is satisfied.

### 4. Adequacy of Representation.

"The adequate representation inquiry involves questions of whether the plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation." Pickett v. IBP, 197 F.R.D. at 514. I have no doubt that plaintiffs' counsel are qualified and experienced litigators. Defendants do not claim otherwise.

The matter of adequate representation also involves questions whether the plaintiffs are proper class representatives. This court must "evaluate carefully the legitimacy of [a] named plaintiff's plea that he is a proper class representative under Rule 23(a)." In re Milk Products Antitrust Litigation, 195 F.3d 430, 436 (8th Cir. 1999) (quoting General Tel. Co. v. Falcon, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). The class representative must have "a sufficient incentive to represent class members" and a desire to "vigorously pursue" the interests of the class. *Id.* at 437. Each of the named plaintiffs allegedly has been subject to racial discrimination by the District and has a desire to vigorously pursue litigation against the District. There is no doubt that they are representative of class members who allegedly have been or may be treated dissimilarly to Caucasian students.

**5. Rule 23(b) prerequisites.**

In addition to satisfying the Rule 23(a) conditions precedent to class certification, one of the following three conditions must be satisfied:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
>
>> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
>>
>> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Plaintiffs assert that class certification is appropriate under 23(b)(2). Defendants do not object to a Rule 23(b)(2) class. A Rule 23(b) class is proper here where the only relief sought is declaratory and injunctive relief. In re St. Jude Medical, Inc., 425 F.3d 1116, 1121 (8th Cir. 2005).

Now, therefore,

IT IS ORDERED:

1. This action shall be maintained as a class action on behalf of the following class of plaintiffs:

> All Native American students currently enrolled or who will in the future enroll in Winner Middle School or Winner High School.

2. Class certification is granted for the purpose of litigating all issues in this case, including:

    a. Whether defendants maintain a policy or practice of disciplining Native American students in a racially discriminatory manner in violation of Title VI of the Civil Rights Act and the Equal Protection Clause of the United States Constitution;

    b. Whether defendants maintain a policy or practice of coercing confessions from Native American students in violation of the right against self-incrimination and the right to substantive Due Process guaranteed by the United States Constitution; and

    c. Whether defendants are deliberately indifferent to the existence of a racially hostile educational environment in violation of Title VI of the Civil Rights Act and the Equal Protection Clause of the United States Constitution.

3. No notice to the class is required at this time.

4. Subject to further order of the Court, Sam Antoine, Richard Chasing Hawk, Mindi Felix, and Jesse Milk, by and through their legal guardians, Deidrick Old Lodge, Johnathon Scruggs, Josephine Traversie, and Taylor White Buffalo, by and through their parents, Charles Dubray and Jennifer Peneaux are designated as class representatives. Catherine Yonsoo Kim, Robin Lee Dahlberg, and Stephen Lane Pevar, of the American Civil Liberties Union, together with Dana Hanna of the Rosebud Sioux Tribe Attorney General's Office are designated as class counsel.

Dated this 19th day of October, 2006.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Baephe*
    DEPUTY
(SEAL)

5