<mark>Case 3:06-cv-03007-CBK Document 79 Filed 04/29/14 Page 1 of 5 PageID #: 651</mark>



**FILED**
APR 29 2014

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| W.I.H. and J.I.H, minors by and through YVETTE IRON HEART, their mother, and all others similarly situated, | CIV 06-3007 |
| Plaintiffs, | |
| -vs- | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| WINNER SCHOOL DISTRICT 59-2; BRUCE CARRIER, in his official capacity as Superintendent of the Winner School District; BRIAN NAASZ, individually and in his official capacity as Principal of Winner Middle School; and GERALD WITTE, in his official capacity as Principal of Winner High School, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Plaintiffs instituted this action contending that defendants punish Native American students more harshly and more frequently than similarly situated Caucasian students, that the defendant District maintains a racially hostile educational environment, and engages in racially discriminatory policies, customs, and practices. This matter was certified as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the following class of plaintiffs:

> All Native American students currently enrolled or who will in the future enroll in Winner Middle School or Winner High School.

Class counsel and counsel for the defendants filed a joint motion for approval of a settlement and proposed consent decree. Notices of the proposed settlement and of a fairness hearing were given to the class members. A consent decree was entered on December 10, 2007.

Counsel have filed a joint motion for approval of an amended consent decree. Notices of the proposed amended consent decree and of a fairness hearing were given to the class members.

No objections were filed. This matter came on for a telephonic fairness hearing on April 10, 2014.

## FINDINGS OF FACT

1. Notice of the proposed amended consent decree was given to current class members as ordered.

2. Additional means of notice was also given to ensure all class members had notice.

3. The notice to the class adequately described the terms of the amended consent decree and the process for objecting to the amended consent decree.

4. No class member objected to the entry of the amended consent decree.

5. The original consent decree set forth a plan for developing and implementing certain "benchmarks," i.e., programs or objectives designed to remedy the claimed hostile environment at the Winner Schools.

6. These benchmarks were to be developed and implemented by a group made up of representatives from the Winner School District staff and faculty, the Winner School Board, the Rosebud Sioux Tribal Education Department, and the Native American Winner and Ideal communities.

7. The original consent decree was to remain in effect until defendants complied with all benchmarks for four consecutive school years, at which time the decree would automatically terminate.

8. The benchmark group was authorized to re-convene to modify or amend a benchmark if it was subsequently deemed to be too high, too low, or in need of adjustment.

9. The benchmark committee met in May and July of 2013, and determined that the benchmarks should be revised. The parties have agreed to amend the original consent decree to refer to "benchmarks" as "actions," and "item goals" as "outcome measures."

10. The amended consent decree calls for the District to attempt to meet the entire outcome measures during the 2013-2014 and the 2014-2015 school years.

11. The parties contemplate that if the District meets the entire outcome measures during those two school years, the District will be released from the amended consent decree.

12. If the District meets some, but not all outcome measures, the District will be released from any further obligation to meet those measures previously met but must continue attempting, during the next two school years, to accomplish those outcome measures not met during the previous two school years.

13. The District is required to work in good faith to accomplish the outcome measures.

## CONCLUSIONS OF LAW

1. Notice to class members was properly given pursuant to Fed. R. Civ. P. 23(e).

2. Pursuant to Fed. R. Civ. P. 23(e)(2), the district court is required to make a determination whether the proposed amended consent decree is "fair, reasonable, and adequate."

3. This Court retained jurisdiction over all matters relating to the implementation and enforcement of the consent decree. As the United States Supreme Court has observed,

> At the outset it should be noted that the power of the District Court to modify this decree is not drawn in question . . . There is also no dispute but that a sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen.

System Federation No. 91 v. Wright, 364 U.S. 642, 647, 81 S.Ct. 368, 371, 5 L.Ed.2d 349 (1961). Further,

> We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions, though it was entered by consent . . . Power to modify the decree was reserved by its very terms, and so from the beginning went hand in hand with its restraints. If the reservation had been omitted, power there still would be by force of principles inherent in the jurisdiction of the chancery.

United States v. Swift & Co., 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932).

4. The Eighth Circuit has considered Supreme Court precedent and has devised a set of factors the district court must consider when one party to a consent decree seeks a modification:

> (1) that, where modification and amendment of an existing decree is under consideration, there are 'limits of inquiry' for the decree court and for the reviewing court; (2) that the inquiry is 'whether the changes are so important that dangers, once substantial, have become attenuated to a shadow;' (3) that the movants must be 'suffering hardship so extreme and unexpected' as to be regarded as 'victims of oppression;' and (4) that there

> must be 'nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions.' Placed in other words, this means for us that modification is only cautiously to be granted; that some change is not enough; that the dangers which the decree was meant to foreclose must almost have disappeared; that hardship and oppression, extreme and unexpected, are significant; and that the movants' task is to provide close to an unanswerable case. To repeat: caution, substantial change, unforeseenness, oppressive hardship, and a clear showing are the requirements.

Humble Oil & Refining Co. v. American Oil Co., 405 F.2d 803, 813 (8th Cir. 1969).

> Modification of a consent decree should, however, only rarely be granted, and the party seeking modification bears the heavy burden of demonstrating that new and unforeseen conditions have produced such extreme and unexpected hardship that the decree is oppressive.

United States v. City of Fort Smith, 760 F.2d 231, 233 (8th Cir. 1985).

5. This is not a case where one party seeks to be relieved of perceived oppressive conditions. The parties in this case continue to cooperate to achieve the goals of the original consent decree and have jointly sought an amendment to the consent decree to continue to remedy the situation at the Winner Schools. "In a continuing case, a consent decree is not the 'last word' of the courts in the case, even after the decree itself has become final for purposes of appeal. Rather, a consent decree is an executory form of relief that remains subject to later developments." Gavin v. Branstad, 122 F.3d 1081, 1087 (8th Cir. 1997).

6. When the parties to a consent decree propose to amend the decree, the district court must "discern the underlying purpose of the decree and decide whether modification would be consistent with that purpose." Wyatt By and Through Rawlins v. King, 793 F.Supp. 1058, 1061 (M.D. Ala. 1992) (*quoting* Hodge v. Dept. of Housing & Urban Development, 862 F.2d 859, 864 (11th Cir. 1989)). The district court must determine "whether the proposed modification is suitably tailored to the changed circumstances." Little Rock School Dist. v. Pulaski County Special School Dist., 56 F.3d 904, 914 (8th Cir. 1995).

7. The proposed amendment to the consent decree was contemplated by the original consent decree as part of continuing monitoring of the District's compliance and the parties desire to remedy the conditions existing at the time the class action was filed. The amendments are consistent with the original consent decree's purpose.

4

8.  The amended consent decree is fair, reasonable, and adequate to continue to redress the claims of current and future class members and should be approved.

Dated this 29th day of April, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                    DEPUTY
(SEAL)

5